USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/6/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    PAYSAFE PARTNERS LP,
                                    Petitioner,

                 -against-

    MERCHANT PAYMENT GROUP LLC,
                                  Respondent.
------------------------------------------------------------X

19 Civ. 495 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

       Petitioner Paysafe Partners LP moves for summary judgment to confirm a December 6, 2018, arbitration award (the "Award"). Petitioner also seeks attorneys' fees, costs and interest from the date of the Award to the date of judgment. Respondent Merchant Payment Group LLC has not appeared in this action and has not opposed the motion, but did appear at the arbitration. For the reasons discussed herein, the motion is granted.

**I.    BACKGROUND**

       The following uncontested facts are taken from the Award and evidence submitted in support of the motion.

       Petitioner is a financial services company that processes credit card payments for merchants. Respondent is a company that signs up merchants for payment processing services, such as those offered by Petitioner. On June 7, 2016, the parties entered into a referral agreement (the "Agreement"), pursuant to which Respondent agreed to procure merchants for Petitioner in exchange for a share of the revenue received from payment processing transactions (the "Residuals"). Additionally, Petitioner agreed to pay a bonus for each new merchant, but Petitioner was permitted to "claw back" the bonus if the merchant account was cancelled within

six months. The parties also agreed that Respondent would pay Petitioner for payment processing equipment to be used by the merchants referred by Respondent.

Section 6.09 of the Agreement provides that "[a]ll disputes that cannot be resolved pursuant to [an informal dispute resolution process] will be submitted to and settled by final and binding arbitration." Under this provision, arbitration was to take place in Orange County, California, before a panel of three arbitrators. Section 6.10 provides that the Agreement is governed by California law, and that California courts have exclusive personal jurisdiction and venue with respect to any suit arising out of the Agreement.

On September 1, 2016, the parties amended the Agreement to provide that Petitioner would advance Respondent $1.5 million against Respondent's future Residuals (the "Advance"). The parties also agreed that Respondent would place at least 250 new merchant accounts with Petitioner each month (the "Monthly Minimum Requirement"). If Respondent failed to meet the Monthly Minimum Requirement or otherwise breached the Agreement, Respondent would be required to repay the outstanding amount of the Advance in ten monthly installments.

In April 2017, Respondent notified Petitioner that it was shutting down operations and would no longer be doing business with Petitioner.[1] On April 27, 2017, Petitioner advised

---

[1] Although Respondent told Petitioner that it was shutting down operations, the Court takes judicial notice that Merchant Payment Group LLC is listed as an active entity in the New York Department of State's Corporation and Business Entity Database. *Corporation & Business Entity Database*, N.Y. DEP'T OF STATE, https://www.dos.ny.gov/corps/bus_entity_search.html (search for "Merchant Payment Group LLC") (last visited April 25, 2019). *See generally Hernandez v. Delta Deli Market Inc.*, No. 18 Civ. 375, 2019 WL 643735, at *1 n.2 (E.D.N.Y. Feb. 12, 2019) (taking judicial notice of a corporation's status on the Corporate and Business Entity Database). As Respondent has not dissolved, the limitations on the ability of a dissolved corporation to be sued, even in the context of a petition to confirm arbitration, do not apply. *See Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educational & Industry Fund v. Strong Partitions Inc.*, No. 13 Civ. 6648, 2013 WL 6705040, at *2–3 (S.D.N.Y. Dec. 19, 2013).

Respondent that it considered the suspension of operations and failure to meet the Monthly Minimum Requirement to be material breaches of the Agreement. Respondent failed to cure its breaches, did not resume operations with Petitioner and did not repay the Advance.

On August 15, 2017, Petitioner initiated arbitration, seeking (1) repayment of the Advance, (2) repayment of merchant signing bonuses subject to the claw back provision and (3) payment for equipment Petitioner had provided to merchants. Respondent asserted several counterclaims, including usury, breach of contract, unjust enrichment, civil theft, negligence, tortious interference with prospective business relations and false advertising. In September 2017, the parties attended arbitration proceedings, which were held before a single Arbitrator over the course of five days in New York, New York. The Arbitrator heard testimony, took exhibits into evidence and reviewed post-hearing submissions.

On December 6, 2018, the Arbitrator issued the Award, awarding Petitioner $1,631,449.61, consisting of (1) the $1.5 million Advance, offset by $534,550.39 in Residuals and fees owed to Respondent, (2) $316,000 in claw backs and (3) $350,000 in equipment charges. The Arbitrator denied Respondent's counterclaims and both parties' requests for legal fees and expenses.

On January 17, 2019, Petitioner commenced this action to confirm the Award pursuant to Section 9 of the Federal Arbitration Act ("FAA"). Respondent has neither appeared nor responded to the Petition. Consequently, the Court granted Petitioners' request that the Petition be deemed an unopposed motion for summary judgment. *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) ("[G]enerally a district court should treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment.");

*accord Kane v. Nat'l Farm Wholesale Fruit & Vegetable Corp.*, No. 17 Civ. 9487, 2019 WL 1585101, at *2 (S.D.N.Y. Apr. 12, 2019).

## II. DISCUSSION

### A. Confirmation of Award

Section 9 of the FAA provides that a petition to confirmation of an arbitration award "may be made to the United States court in and for the district within which such award was made."[2] 9 U.S.C. § 9. Ordinarily, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110 (internal quotation marks omitted); *accord Jolen, Inc. v. Kundan Rice Mills, Ltd.*, No. 19 Civ. 1296, 2019 WL 1552268, at *1 (S.D.N.Y. Apr. 10, 2019).

"A court's review of an arbitration award is severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 274–75 (2d Cir. 2015) (alteration omitted); *accord Lawrence v. Raymond James Fin. Servs., Inc.*, No. 18 Civ. 6590, 2019 WL 120727, at *2 (S.D.N.Y. Jan. 4, 2019). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted); *accord Hernandez v. Goldfarb Properties, Inc.*, No. 13 Civ. 8640, 2017 WL 1378279, at *1 (S.D.N.Y. Apr. 14, 2017). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his

---

[2] Any contrary provision in the Agreement notwithstanding, by consenting to arbitration proceedings in New York, New York, Respondent has also consented to personal jurisdiction and venue here. *See Doctor's Assocs. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996); *accord In re Coudert Bros. LLP*, No. 16 Civ. 8237, 2017 WL 1944162, at *4 (S.D.N.Y. May 10, 2017).

4

authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. of Carpenters & Joiners*, 804 F.3d at 275; *accord SEIU, Local 32BJ v. Dayton Beach Park No. 1 Corp.*, No. 18 Civ. 3887, 2019 WL 120998, at *2 (S.D.N.Y. Jan. 4, 2019); *see also D.H. Blair & Co.*, 462 F.3d at 110 ("Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." (quotation marks and citation omitted)).

The Award is confirmed because the basis for the Arbitrator's decision can be inferred from the facts of the case and the Arbitrator acted within the scope of his authority. *See D.H. Blair & Co.*, 462 F.3d at 110; *United Bhd. of Carpenters & Joiners*, 804 F.3d at 275. Under the Agreement, Respondent was required to place at least 250 new merchant accounts with Petitioner each month; a failure to meet this requirement would constitute a breach of the Agreement and entitle Petitioner to repayment of the Advance. The Agreement provided that Petitioner was entitled to payment for certain equipment provided to merchants, and allowed Petitioner to claw back bonuses paid to Respondent for signing new merchants if such merchants cancelled their accounts within a specified period of time.

The Agreement also provided that "[a]ll disputes that cannot be resolved pursuant to [an informal dispute resolution process] will be submitted to and settled by final and binding arbitration." Although the Agreement provided that the arbitration was to take place in Orange County, California, before a panel of three arbitrators, Respondent's participation in the New York arbitration and failure to contest the Arbitrator's jurisdiction constitute a waiver of any objection to the Arbitrator's authority to hear the dispute. *See Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 368 (2d Cir. 2003) ("[I]f a party participates in arbitration proceedings without making a timely objection to the submission of the dispute to arbitration, that party may

5

be found to have waived its right to object to the arbitration."); *Time Warner Cable of N.Y.C. LLC v. Int'l Bhd. Of Elec. Workers*, 170 F. Supp. 3d 392, 411–12 (E.D.N.Y. 2016) (collecting cases).

After reviewing testimony, exhibits and post-arbitration submissions, the Arbitrator found that Respondent's suspension of operations and failure to meet the Monthly Minimum Requirement constituted a breach of the Agreement and that Petitioner was entitled to $1,631,449.61, consisting of the $1.5 million Advance, less $534,550.39 in Residuals and fees owed to Respondent, plus $316,000 in claw backs and $350,000 in equipment charges. Because the basis for the Arbitrator's decision can be inferred from the facts of the case and the Arbitrator acted within the scope of his authority to resolve "[a]ll disputes that cannot be resolved pursuant to [an informal dispute resolution process]," the Award is confirmed. *See D.H. Blair & Co.*, 462 F.3d at 110; *United Bhd. of Carpenters & Joiners*, 804 F.3d at 275.

### B. Attorney's Fees and Costs

Petitioner requests attorneys' fees and costs incurred in confirming the Award. Although Section 9 of the FAA does not provide for recovery of attorneys' fees, courts may award reasonable attorneys' fees and costs pursuant to their "inherent equitable powers" where a party to an arbitration has "refused to abide by an arbitrator's decision without justification." *See First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Employees Union Local 338*, 118 F.3d 892, 898 (2d Cir. 1997) (alteration omitted); *Mason Tenders Dist. Council of Greater New York & Long Island v. Champion Elec. Mech. Builder Corp.*, No. 18 Civ. 10821, 2019 WL 464232, at *3 (S.D.N.Y. Feb. 6, 2019).

As Respondent has not appeared in this action nor challenged the Award, Petitioner is entitled to reasonable attorneys' fees and costs. *See Bagadiya Bros. PVT Ltd. v. Churchgate*

*Nigeria Ltd.,* No. 14 Civ. 5656, 2018 WL 6181359, at *3 (S.D.N.Y. Nov. 27, 2018), *vacated on other grounds*, 2018 WL 8059717 (S.D.N.Y. Nov. 29, 2018) (awarding fees and costs where respondent failed to abide by arbitration award and did not participate in confirmation proceedings).

Petitioner submitted timesheets and background information about the attorneys who worked on this case. The timesheets reflect that counsel for Petitioners billed $9,556.50, reflecting 21.1 hours of work. The hourly rate and the number of hours worked are reasonable, except that the Court will exclude any hours worked on Petitioner's motion for default judgment, which was denied. The application for $7,327.50 in attorneys' fees and $394 in service fees, for a total of $7,721.50, is granted.

**C. Interest**

Petitioner requests pre-judgment interest on the Award to accrue at a rate of 10% per annum from the date of the Award (December 6, 2018) to the date of judgment. In a diversity case, such as this one,[3] "state law governs the award of prejudgment interest." *Schipani v. McLeod*, 541 F.3d 158, 164 (2d Cir. 2008); *accord Martiny v. Introcase-Allison*, No. 17 Civ. 9559, 2019 WL 198985, at *2 (S.D.N.Y. Jan. 15, 2019).

Here, California law applies because the Agreement contains a California choice-of-law provision. Federal courts sitting in diversity generally apply the choice-of-law rules of the forum state, *see Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *accord Christian v. TransPerfect Glob., Inc.*, 17 Civ. 5554, 2018 WL 4571674, at *4 (S.D.N.Y. Sept. 24, 2018), and

---

[3] The FAA "bestows no federal jurisdiction but rather requires . . . an independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009). Here, the Court has diversity jurisdiction because there is complete diversity between the parties -- Petitioner is a citizen of Texas and Delaware and Respondent is a citizen of New York -- and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

7

"New York law gives full effect to the parties' choice-of-law provisions." *Dins v. Nationstar Mortg., LLC,* No. 16 Civ. 2943, 2017 WL 570941, at *3 (S.D.N.Y. Feb. 13, 2017) (quoting *Krock v. Lipsay,* 97 F.3d 640, 645 (2d Cir. 1996)).

Under California law, "pre-judgment interest is available from the date the arbitration panel renders its award." *Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) (applying California law); *accord Laborers' Int'l Union of N. Am., Local 89, AFL-CIO v. MEK Enters.*, No. 17 Civ. 1614, 2017 WL 6049380, at *2 (S.D. Cal. Dec. 5, 2017) (applying California law). Where an arbitration award does not set the rate of pre-judgment interest, interest accrues at a rate of 10% per annum. *See* CAL. CIV. CODE § 3289(b); CAL. CIV. PROC. CODE § 1287.6; *see also Wedbush Morgan Sec., Inc. v. Sendtec, Inc.*, No. 07 Civ. 8115, 2008 WL 11424184, at *3 (C.D. Cal. Mar. 13, 2008) ("Since the Award did not specify a rate of pre-judgment interest, the Court finds that the appropriate rate of pre-judgment interest is ten percent . . . .").

Because the Award does not set the rate of pre-judgment interest, the Court awards pre-judgment interest at a rate of 10% per annum from December 6, 2018, to the date of judgment. That interest now amounts to $67,492.91. Petitioner is also entitled to post-judgment interest at the statutory rate under 28 U.S.C. § 1961. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").[4]

---

[4] Although Petitioners seek post-judgment interest at a rate of 10% per annum in accordance with California law, the Agreement's California choice-of-law provision "does not . . . supplant the statutorily defined post-judgment interest rate applicable to federal judgments." *See Glob. Gold Mining LLC v. Caldera Res., Inc.*, No. 18 Civ. 4419, 2019 WL 367824, at *7 (S.D.N.Y. Jan. 30, 2019).

## III. CONCLUSION

For the foregoing reasons, the petition for confirmation of the Award is GRANTED. Petitioner is awarded $1,631,449.61 in damages pursuant to the Award, plus $7,721.50 in attorneys' fees and costs, and $67,492.91 in pre-judgment interest, for a total of $1,706,664.02. Post-judgment interest will accrue at the statutory rate, in accordance with 28 U.S.C. § 1961.

The Clerk of Court is respectfully directed to close the case.

Dated: May 6, 2019
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**